UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON E. MARSHALL,<br><br>             Plaintiff,<br>   vs.<br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. EDCV 06-487-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[2]

///
///
///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 5-7.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS"), filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly determined that the Plaintiff can perform work as an information clerk.  (JS at 2.)

2. Whether the ALJ properly considered the lay witness testimony of Plaintiff's friend, Carol Narr.  (Id.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///
///

## III.

## DISCUSSION

**A.     The ALJ Properly Determined that Plaintiff Could Perform Work as an Information Clerk.**

Plaintiff claims the ALJ incorrectly determined that Plaintiff is able to perform work as an information clerk because the ALJ conversely found that Plaintiff "should avoid work involving repeated requests for information from the public or fellow employees." (JS at 3.)

According to the Dictionary of Occupational Titles ("DOT") No. 237.367-022, an Information Clerk's job description is as follows:

> Answers inquiries from persons entering establishment: Provides information regarding activities conducted at establishment, and location of departments, offices, and employees within organization. Informs customer of location of store merchandise in establishment, . . . [p]rovides information concerning services, . . . [r]eceives and answers requests for information from company officials and employees. May call employees or officials to information desk to answer inquiries.

Initially, the ALJ's conclusion that Plaintiff could perform the job duties of an information clerk seems contrary to the ALJ's finding that Plaintiff should avoid work involving repeated requests for information from the public. However, upon further examination of the record, it is clear that when the ALJ narrowed the field of potential jobs to include only those not involving repeated social interaction, the limitation was imposed to relieve stress, not to exclude all jobs that involved

dealing with other people.[3] The ALJ further narrowed the potential jobs suitable for Plaintiff by omitting all that involved repeated requests for information from the public or fellow employees, *"unless they're routine."* (JS at 5 (emphasis added).) In making this limitation, the ALJ specifically noted the job of information clerk, observing that while it does involve repeated requests for information, such requests are, in fact, routine and undemanding. (AR at 366.)

An ALJ may rely on expert testimony that contradicts the DOT if the record contains persuasive evidence to support the deviation. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Also, "[t]he Secretary may take administrative notice of any reliable job information, including . . . the services of a vocational expert." Id. (citing Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)).

Here, in making his determination, the ALJ relied on the testimony of a vocational expert. The ALJ provided the vocational expert with a hypothetical individual restrained by the same limitations as Plaintiff, who: "needs a low stress job . . . define[d] as one that does not require a lot of decision-making or requests for information . . . on a repetitive basis, unless they're routine, repetitive questions like an information clerk would be giving at a mall . . . but nothing that requires a lot of independent thought analysis . . . ." (AR at 366-67.) The vocational expert responded that such a person could perform the job duties of an information clerk. (Id. at 375.) In reaching this conclusion, the vocational expert testified that Plaintiff's previous employment experience provided her with skills transferrable to the information clerk position, and that the job of information clerk is semi-skilled, sedentary work with a specific vocational preparation code

---

[3] For example, the ALJ eliminated the job of a hotel front desk clerk due to extensive interaction with the public. (AR at 376.) However, the ALJ also concluded that while Plaintiff should avoid work involving requests for information from the public or fellow employees, this "does not preclude all contact with either group." (Id. at 13.)

of 4, involving occasional reaching and handling, with no fingering. (Id. at 374.)

The ALJ appears to have based his reasons for limiting the job spectrum to jobs not "involving repeated requests for information" to avoid work-related stress in part on Plaintiff's symptoms of depression and insomnia. (Id. at 12-13.) Plaintiff claims that her depression began on or around April 1, 2004, and that as of September 29, 2004, she was awaiting referral to a mental health expert. (Id. at 158.) In testifying before the ALJ, Plaintiff noted that the fact that she "ha[d] no life" was the "main part [of her depression]."[4] (Id. at 364.) Plaintiff began seeing a psychiatrist in early 2005 and began taking Effexor, which has improved her mood and helps her to function. (Id.) According to Plaintiff, since taking Effexor, she no longer has problems socializing, a symptom noted by both Plaintiff and her friend, Carol Narr. (Id.) Because of Plaintiff's ability to once again function and socialize normally, thereby alleviating the primary reasons for her depression, her depressive disorder should not be a major constraint on her work abilities. Accordingly, the ALJ was correct to characterize Plaintiff's mental impairment as "non-severe."

Generally, if a "harmless error" occurred in the administrative process, the claimant is not entitled to a remand. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability); Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).

Based on the foregoing, the ALJ correctly concluded that Plaintiff should avoid jobs with repeated requests for information, but failed to note the exception to his limitation that such requests are acceptable if they are routine. Such error is

---

[4] Plaintiff also stated that the problems with her hands as well as her husband's current health and mental state were also reasons for her depression. (AR at 364.)

harmless, and no remand is warranted.

**B.     The ALJ Properly Considered the Lay Testimony.**

Plaintiff also claims the ALJ failed to properly consider the lay testimony of her friend, Carol Narr, regarding the nature and extent of Plaintiff's symptoms.

On July 23, 2004, Ms. Narr provided an unsworn statement entitled "Function Report Adult Third Party." (AR at 135.) In this statement, Ms. Narr indicated that Plaintiff needs help with clothing with buttons, zippers, and/or fasteners, has trouble bathing and shaving, and can no longer cook regularly or cut her food by herself. (Id. at 136-37.) Ms. Narr further reported that Plaintiff can no longer "hang on to things or pick them up or manipulate things without difficulty (if at all)." (Id. at 138.) Ms. Narr also indicated that Plaintiff has become an increasingly dependent person, who, despite usually being very social, now feels uncomfortable socializing due to her inability to accomplish certain tasks and her need of assistance, causing her to become more withdrawn. (Id. at 142.) However, Ms. Narr's testimony also indicated that Plaintiff is still able to exercise, cook simple meals, care for her pets, do laundry, and clean. (Id. at 136-37.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provide that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work." The Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467.

In dismissing lay witness testimony, the ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). In Dodrill, the court found that the ALJ erred by acknowledging lay witness testimony as accurate, but discrediting the testimony nonetheless because it repeated the Plaintiff's assertions. Id. at 919.

An ALJ's failure to address a lay witness' testimony is not harmless. While conflicts in the evidence may be valid reasons for discounting the credibility of lay witness testimony (see e.g., Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); compare Nguyen, 100 F.3d at 1467)), this is after-the-fact reasoning not articulated by the ALJ, and the Court is "constrained to review the reasons the ALJ asserts." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L. Ed. 1995 (1947)); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001).

Plaintiff argues that the ALJ erred by failing to address Ms. Narr's testimony, without providing germane reasons for doing so. (JS at 6-8.) Ms. Narr's testimony appears to raise the same allegations as Plaintiff's testimony. The ALJ noted that Plaintiff's statements concerning the pain from her symptoms were not entirely credible.[5] (AR at 13.) However, unlike Dodrill, there is no indication that the ALJ discredited Ms. Narr's testimony due to Plaintiff's testimony lacking credibility. Rather, the ALJ cites Ms. Narr's testimony in conjunction with Plaintiff's, supporting Plaintiff's claims that she has a problem with "frequent and prolonged use of her hands." (AR at 14.) Accordingly, it is clear that the ALJ properly and

---

[5] The ALJ bases his reasons for not finding Plaintiff entirely credible on her claims that the pain in her hands was excruciating, yet she was only taking Naproxen. (AR at 13.) Furthermore, Plaintiff claimed the Naproxen did not work, but had not been adamant with her doctors about prescribing a stronger medication, as she was hesitant to do so for fear of addiction. (Id. at 361.)

thoroughly considered Ms. Narr's testimony regarding the nature and extent of Plaintiff's symptoms in reaching his findings of fact and conclusion.

## IV.
## **ORDER**

IT THEREFORE IS ORDERED THAT Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: July 10, 2007

/s/ Oswald Parada
_____
HONORABLE OSWALD PARADA
United States Magistrate Judge